**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

DEC 5 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELIANA JASBLEIDY PENA-ALVAREZ,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 24-458<br><br>Agency No.<br>A240-146-722<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Department of Homeland Security

Submitted December 3, 2024**
San Francisco, California

Before: BENNETT, BRESS, and FORREST, Circuit Judges.

Eliana Jasbleidy Pena-Alvarez, a native and citizen of Colombia, petitions for review of an Immigration Judge's (IJ) reinstatement of her prior final order of removal. The IJ concurred with the negative reasonable fear determination made by

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

an asylum officer. We review an IJ's negative reasonable fear determination for substantial evidence and uphold that decision "unless, based on the evidence, 'any reasonable adjudicator would be compelled to conclude to the contrary.'" *Bartolome v. Sessions*, 904 F.3d 803, 811 (9th Cir. 2018) (quoting *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016)). When the IJ, as here, references the asylum officer's decision, we consider both decisions. *Id.* at 814 n.11. To avoid reinstatement of a removal order, a petitioner must show a "reasonable fear of persecution or torture," which requires "establish[ing] a reasonable possibility that he or she would be persecuted on account of his or her race, religion, nationality, membership in a particular social group or political opinion, or a reasonable possibility that he or she would be tortured in the country of removal." 8 C.F.R. § 208.31(c). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.      Substantial evidence supports the IJ's conclusion that Pena-Alvarez did not establish a reasonable fear of persecution so as to warrant withholding of removal. The standard to establish a reasonable fear of persecution "is the same standard required to establish a well-founded fear of persecution in the asylum context." *Bartolome*, 904 F.3d at 809 n.4 (internal quotations omitted). Therefore, Pena-Alvarez must demonstrate that her "persecution was committed by the government, or by forces that the government was unable or unwilling to control." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017) (en banc)

(quoting *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010)).  Pena-Alvarez failed to make this showing.

*First*, the IJ found that Pena-Alvarez "failed to establish any past or future harm . . . by a group that the government is unwilling or unable to control."  Pena-Alvarez failed to challenge the IJ's finding that the Colombian government was not unable or unwilling to control the ELN.  Thus, Pena-Alvarez waived her challenge to this issue, which is dispositive of her reasonable fear of persecution claim.  *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (issues not raised in opening brief are waived).  Regardless, on this issue the record would not compel a different conclusion than the one the IJ reached.

*Second*, in its negative reasonable fear determination, the asylum officer found that the ELN members who kidnapped Pena-Alvarez were motivated by pecuniary gain and not on account of a protected ground.  The IJ "adopt[ed] the rationale of the asylum officer."  Substantial evidence supports the lack of nexus, and the record does not compel a contrary conclusion.  *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (holding that a "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

2.    Substantial evidence supports the IJ's finding that Pena-Alvarez failed to establish a reasonable possibility of torture by or with the acquiescence of a public

official. "To constitute torture, an act . . . must be undertaken 'at the instigation of, or with the consent or acquiescence of, a public official.'" *Hernandez v. Garland*, 52 F.4th 757, 769 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.18(a)(1)). "Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." *Barajas-Romero v. Lynch*, 846 F.3d 351, 361 (9th Cir. 2017) (quoting 8 C.F.R. § 208.18(a)(7)).

Public officials never harmed Pena-Alvarez, and she stated that she does not fear future harm from them. Moreover, Pena-Alvarez confirmed to the IJ that "the government of Colombia has been battling the ELN for a number of years." Therefore, the record does not compel the conclusion that Pena-Alvarez established a reasonable possibility that public officials would torture her or acquiesce to her torture.

**PETITION DENIED.**[1]

---

[1] Pena-Alvarez's motion to stay removal, Dkt. 2, 8, is denied. The temporary stay of removal shall remain in place until the mandate issues.